**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DELMY A. RAMIREZ PINTO,                                    **22-cv-00951**

                Plaintiff,                                   **COMPLAINT**

   -against-

POPULAR NAILS II, INC., MOJITO NAIL BAR INC, TAM HUNG NGUYEN a/k/a CHRISTOPHER NGUYEN, and MYA MOMO TRAN-NGUYEN,

                Defendants.
------------------------------------------------------------X

Plaintiff, DELMY A. RAMIREZ PINTO ("Plaintiff"), as and for her Complaint against Defendants, POPULAR NAILS II, INC. ("Popular Nails"), MOJITO NAIL BAR INC ("Mojito Nails"), TAM HUNG NGUYEN a/k/a CHRISTOPHER NGUYEN ("Nguyen"), and MYA MOMO TRAN-NGUYEN ("Tran-Nguyen") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to her employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claims are based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult female who resides in the State of New York.

6. Plaintiff is a former employee of Defendants.

7. Upon information and belief, Nguyen is a resident of the State of New York.

8. Upon information and belief, Tran-Nguyen is a resident of the State of New York.

9. Upon information and belief, Popular Nails is a domestic business corporation duly organized and existing under the laws of the State of New York.

10. Upon information and belief, Mojito Nails is a domestic business corporation duly organized and existing under the laws of the State of New York.

**Popular Nails**

11. Popular Nails owned and operated the Popular Nails Salon located at 187-33 Linden Blvd., St. Albans, New York 11412.

12. Upon information and belief, Popular Nails maintained a principal place of business located at 187-33 Linden Blvd., St. Albans, New York 11412.

13. Upon information and belief, Nguyen was the Chief Executive Officer of Popular Nails.

14. Upon information and belief, Nguyen was the President of Popular Nails.

15. Upon information and belief, Nguyen was a shareholder of Popular Nails.

16. Upon information and belief, at all relevant times, Nguyen was an owner, shareholder, corporate officer, director, and/or managing agent of Popular Nails.

17. Upon information and belief, Popular Nails was owned, operated, and controlled by Nguyen.

18. Upon information and belief, at all relevant times, Nguyen exercised operational control over Popular Nails, controlled significant business functions of Popular Nails, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Popular Nails in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

19. Upon information and belief, at all relevant times, Nguyen participated in running the daily operations of Popular Nails.

20. Upon information and belief, at all relevant times, Nguyen participated in the management and supervision of Plaintiff and her work for Popular Nails.

21. Upon information and belief, Popular Nails maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

22. As such, Popular Nails and Nguyen are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

23. On or about May 14, 2021, Popular Nails sold its nail salon to Mojito Nails.

**Mojito Nails**

24. Since on or about May 15, 2021, Mojito Nails has owned and operated the Mojito Nail Bar located at 187-33 Linden Blvd., St. Albans, New York 11412.

25. Upon information and belief, Mojito Nails maintains a principal place of business located at 187-33 Linden Blvd., St. Albans, New York 11412.

26. Upon information and belief, Tran-Nguyen is the Chief Executive Officer of Mojito Nails.

27. Upon information and belief, Tran-Nguyen is the President of Mojito Nails.

28. Upon information and belief, Tran-Nguyen is a shareholder of Mojito Nails.

29. Upon information and belief, at all relevant times, Tran-Nguyen has been an owner, shareholder, corporate officer, director, and/or managing agent of Mojito Nails.

30. Upon information and belief, Mojito Nails is owned, operated, and controlled by Tran-Nguyen.

31. Upon information and belief, at all relevant times, Tran-Nguyen has exercised operational control over Mojito Nails, controlled significant business functions of Mojito Nails, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Mojito Nails in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

32. Upon information and belief, at all relevant times, Tran-Nguyen has participated in running the daily operations of Mojito Nails.

33. Upon information and belief, at all relevant times, Tran-Nguyen has participated in the management and supervision of Plaintiff and her work for Mojito Nails.

34. Upon information and belief, Mojito Nails maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

35. As such, Mojito Nails and Tran-Nguyen are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

**FACTS**

36. Popular Nails and Nguyen employed Plaintiff from in or about February 2010 until on or about May 14, 2021.

37. Mojito Nails and Tran-Nguyen employed Plaintiff from on or about May 15, 2021 until on or about December 31, 2021.

38. When Mojito Nails and Tran-Nguyen purchased the nail salon from Popular Nails and Nguyen on or about May 15, 2021, the terms and conditions of Plaintiff's employment did not change.

39. Defendants employed Plaintiff as a nail technician.

40. Plaintiff's job duties included performing manicures and cleaning the salon.

41. Defendants did not require Plaintiff to sign in or out of her daily shifts, or to track her time worked in any other manner.

42. Upon information and belief, Defendants failed to keep and maintain time records for the days and weeks that Plaintiff worked.

43. During the relevant time period (from on or about February 21, 2016 until on or about December 31, 2021), Plaintiff worked six (6) days per week, with either Monday or Tuesday off, from about 9:00 a.m. until about 12:00 a.m. without uninterrupted meal breaks.

44. During this time, Plaintiff worked approximately ninety (90) hours a week.

45. Defendants paid Plaintiff on a commission only basis.

46. Plaintiff's commissions were payable at a rate of 50% of all revenue Defendants earned from the manicures Plaintiff performed.

47. Defendants did not pay Plaintiff an hourly rate, a weekly salary, a day rate, an annual salary, or any other type of set wage.

48. Defendants did not pay Plaintiff overtime compensation at a rate of one-and-one-half times her regular rate of pay for any hours that she worked in excess of forty (40) each week.

49. Plaintiff routinely earned gratuities from the customers she serviced.

50. Customers routinely gave Plaintiff gratuities that were paid on their credit cards.

51. Defendants kept the gratuities that customers paid on their credit cards instead of providing them to Plaintiff.

52. Defendants failed to provide Plaintiff with a notice and acknowledgement of pay rate and pay day, or any other type of wage notice, at the time of her hiring or any time thereafter, as required by NYLL § 195(1).

53. Defendants failed to provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

54. Nguyen hired Plaintiff.

55. During the time period that Popular Nails owned the nail salon, Nguyen decided the job duties that Plaintiff performed on a daily basis.

56. During the time period that Popular Nails owned the nail salon, Nguyen supervised Plaintiff's job duties and responsibilities.

57. During the time period that Popular Nails owned the nail salon, Nguyen set Plaintiff's work schedule.

58. During the time period that Popular Nails owned the nail salon, Nguyen decided the hours that Plaintiff worked.

59. During the time period that Popular Nails owned the nail salon, Nguyen decided the manner in which Plaintiff was paid.

60. During the time period that Popular Nails owned the nail salon, Nguyen decided the compensation that Plaintiff was paid.

61. During the time period that Popular Nails owned the nail salon, Nguyen ran the day-to-day operations of Popular Nails.

62. Tran-Nguyen hired Plaintiff when Mojito Nails purchased the nail salon from Popular Nails.

63. During the time period that Mojito Nails owned the nail salon, Tran-Nguyen decided the job duties that Plaintiff performed on a daily basis.

64. During the time period that Mojito Nails owned the nail salon, Tran-Nguyen supervised Plaintiff's job duties and responsibilities.

65. During the time period that Mojito Nails owned the nail salon, Tran-Nguyen set Plaintiff's work schedule.

66. During the time period that Mojito Nails owned the nail salon, Tran-Nguyen decided the hours that Plaintiff worked.

67. During the time period that Mojito Nails owned the nail salon, Tran-Nguyen decided the manner in which Plaintiff was paid.

68. During the time period that Mojito Nails owned the nail salon, Tran-Nguyen decided the compensation that Plaintiff was paid.

69. During the time period that Popular Nails owned the nail salon, Nguyen ran the day-to-day operations of Popular Nails.

70. Defendants managed Plaintiff's employment, including the amount of time she worked and the rates she was paid.

71. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

72. Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay her the proper wages to which she was entitled under the law.

73. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

74. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

75. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

76. Defendants were and are subject to the overtime pay requirements of the FLSA because each corporate entity was an enterprise engaged in commerce or in the production of goods for commerce during the relevant years of Plaintiff's employment.

77. At all times relevant to this Complaint, Popular Nails had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled manicure tools, equipment, and supplies that originated outside of New York.

78. At all times relevant to this Complaint, Mojito Nails had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled manicure tools, equipment, and supplies that originated outside of New York.

79. Upon information and belief, the gross annual volume of sales made or business done by Popular Nails in 2019, 2020, and 2021 was not less than $500,000.00.

80. Upon information and belief, the gross annual volume of sales made or business done by Mojito Nails in 2021 was not less than $500,000.00.

81. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

82. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

83. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

84. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

85. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during the relevant periods of her employment.

86. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

87. Defendants did not act in good faith with respect to the conduct alleged herein.

88. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

89. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

90. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

91. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

92. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

93. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

94. Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of her employment because she did not meet the requirements for any of the exemptions available under New York law.

95. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

96. Defendants did not act in good faith with respect to the conduct alleged herein.

97. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## SECTION 196-D
## ILLEGAL TIP WITHHOLDING

98. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

99. In violation of NYLL section 196-D, Defendants withheld the tips Plaintiff earned from customers that were paid on credit cards.

100. Such violation constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

101. As a result of Defendants' unlawful practices, Plaintiff suffered a loss of earnings.

102. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
## AS TO MOJITO NAILS AND TRAN-NGUYEN ONLY
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

103. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

104. Mojito Nails and Tran-Nguyen willfully failed to furnish Plaintiff with wage notices during her employment, including the date of her hiring, as required by NYLL § 195(1),

11

in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

105. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Mojito Nails and Tran-Nguyen have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

106. Due to Mojito Nails and Tran-Nguyen's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

107. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

108. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

109. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

110. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and unlawfully withholding gratuities;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime compensation, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F.      Award all costs and attorneys' fees incurred in prosecuting this action; and

G.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
February 22, 2022

NEIL H. GREENBERG & ASSOCIATES, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
nhglaw@nhglaw.com